## SHEERER et al. *v.* KISSINGER et al.

Under the 7th section of the act of 10th of April, 1826, where an ascending and descend-
ing boat have to pass each other, near to, or at a narrow place in a canal constructed
for the purposes of inland navigation, under the laws of this commonwealth, it is the
duty, as between themselves, of the ascending boat to wait at such distance from such
narrow place, as to permit the descending boat to pass with safety; and if any injury
be sustained by the descending, through a non-compliance with the law on the part of
the ascending boat, the latter is liable in damages for such injury.

But where the boat of a third party, moored properly to the bank of the canal for a law-
ful purpose, is concerned, and the ascending boat will not comply with the directions
of the act of Assembly aforesaid, it is the duty of the persons having the charge of the
descending boat, to keep her at a proper distance, and, under their control, so as to
insure safety; and if through culpable negligence, or a want of due caution in passing
each other, a collision takes place, through and by which, the descending boat is driven
against and staves in such third boat, the owners or persons in charge of the descend-
ing boat are answerable in damages for the injury sustained by such third boat.

*Qu.* Whether the plaintiff would not have been entitled to indemnity from the owners of
the ascending, as well as of the descending boat, if he had joined them in the suit?

THIS was a writ of error to the Court of Common Pleas of Berks
county, to remove the record of an action brought by Kissinger and
Adams, the defendants in error, against Sheerer and Albright, the
plaintiffs in error, to recover damages for injury done to plaintiffs' boat
and cargo.

It appeared in evidence, on the trial of the cause, before Banks,
president, in the court below, that the plaintiffs had a boat on the
Schuylkill canal, loaded with lime, a part of which was to be landed
on a farm through which the canal passed. The boat was stopped
when she arrived at a convenient place on the farm, and laid against
the berm bank of the canal, for the purpose of unloading the lime.
Whilst the hands were engaged in unloading, the defendants' boat,
which was loaded, descended the canal, and at the same time an as-
cending empty boat approached the place where the boat of the plain-
tiffs lay moored. Neither boat stopped, and they came in contact,
just as the empty boat had passed that of the plaintiffs. The collision
between the two caused the defendants' boat to take a sheer in the
direction of the plaintiffs', which she ran against and stove in.

The testimony having been closed, the learned judge in his charge
to the jury said, that, " *The question is, was there culpable negligence on
the part of those who had charge of the defendants' boat, which resulted
in this injury to the plaintiffs' boat?*

" The evidence is all submitted to you, and you will determine the
facts for yourselves. The plaintiffs had a right to stop their boat for a
reasonable time to put off the load; *it was their duty to select an eligible*

*place to do this*—a place that was so wide that other boats could pass with safety.    It was likewise their duty to have their boat thrown close to the berm bank side of the canal at both ends.    If these things were not carefully done by those who had charge of her, and an injury was sustained by reason of their not being done, the loss must be the plaintiffs', as the fault was theirs.    Was the place where the plaintiffs' boat lay, a convenient place?    Did the boat remain there an unreasonable time?    Was she moored so as to lay close to the berm bank side of the canal?    When an ascending boat, and one descending, are to pass near, or at a narrow point in the canal, the ascending boat should stop at a distance below the narrows, so that the descending boat may pass safely.    When these two boats approached the plaintiffs', neither stopped.    The captain of the defendants' boat, it seems, entertained the opinion that it was the duty of the captain of the ascending boat to stop, and let him pass.    He therefore pressed his boat ahead and made no effort to stop her.    Delays on the canal must necessarily occur; something may go wrong; it may be necessary to take in loading or put it off.    In such cases, care should be taken to leave room for others to pass, as I have already said.    When others do pass, they should take care to pass without doing any injury.    When those two boats met as they did, the persons in charge of each boat should have been on their guard; they might have known that there was danger in the attempt thus to pass the plaintiffs' boat.    The persons in charge of the defendants' boat should not have *forced her on, until they saw that the other had stopped,* until she approached so near to plaintiffs' that danger was inevitable.    It will not excuse the defendants; they should have looked out for danger in time, and guarded against it while it was possible to do so.    They should have kept their boat at such a distance as to have been under their control, so as to insure safety.    If they did not do so, but ran her on so near to the plaintiffs' that it became impossible for them to manage her, so as to prevent collision, it was their fault.    Putting their boat in this position was carelessness, a want of due caution and ordinary care, and the defendants would be answerable for all damages done to the plaintiffs' property by reason of it.    Men engaged on the canal should enjoy the rights that others have, and should regard them, and if they do not, their employers should be made to smart for it.    This alone will make our navigation safe.    Where so much that is valuable is transported, public policy demands that reasonable care should be more rigidly exacted from all engaged as hands on the lines.    The facts are left for your decision.    Was there a want of reasonable care on the part of those having charge of the defendants' boat, and was this injury to the plaintiffs' boat the result of this want

of care, without any negligence or want of care on the part of those who had charge of the plaintiffs' boat? If you believe that this was so, then your verdict will be for the plaintiffs. If you do not believe that it was so, then your verdict will be for the defendants."

To this part of the charge, the counsel of the defendants excepted; and the jury having returned a verdict for the plaintiffs, removed the record to this court, and assigned the following errors:—

1. The court erred in charging the jury, that the question is, " *Was there culpable negligence on the part of those who had charge of the defendants' boat, which resulted in this injury to the plaintiffs' boat?*"

2. The court erred in charging the jury as follows: " The persons in charge of the defendants' boat should not have forced her on, until they saw that the other had stopped, until she approached so near to plaintiffs', that danger was inevitable. It will not excuse the defendants; they should have looked out for danger in time, and guarded against it, while it was possible to do so. They should have kept their boat at such a distance as to have been under their control, so as to insure safety. If they did not do so, but ran her on so near to the plaintiffs' that it became impossible for them to manage her, so as to prevent collision, it was their fault. Putting their boat in this position was carelessness, a want of due caution and ordinary care, and the defendants would be answerable for all damages done to the plaintiffs' property by reason of it."

*Strong*, for plaintiff in error.

We allege that the ascending boat ought to have stopped, and not the descending. According to established principles and positive law, the descending boat had a right to presume that the ascending boat would stop. The descending boat was not bound even to check her speed, until it appeared manifest that the ascending boat did not intend to comply with the directions of the act of Assembly; when it became the duty of those having her in charge, to do every thing in their power to avoid collision.

He cited the act of 10th of April, 1826, sec. 7, Pamph. Laws, 1826, p. 303.

*Darling*, contrà. The descending boat pressed forward wantonly. The person having her in charge could (the line of the canal being straight) see a long distance ahead, and must have become convinced, in time to have guarded against danger, that the ascending boat did not intend to comply with the directions of the act of Assembly already cited. A third boat being concerned, it was their duty to

have stopped in time to have avoided a collision with the ascending boat or injuring ours.

The opinion of the court was delivered by SERGEANT, J.

This case presents the usual contrariety of evidence, but in the law laid down by the court below, we do not perceive that there is error. If the plaintiff was innocent in every respect, and sustained damage by the default of others navigating the canal, he is entitled to indemnity from some of them, and possibly from all concerned, had he chosen to join them. It is contended by the plaintiffs in error, that as it was the duty of the ascending boat, by the act of 10th April, 1826, to wait at a narrow place in the canal till the descending boat had passed, the former only was answerable to plaintiff and not the latter. As between themselves, no doubt this direction of the act would settle the matter, had the descending boat been injured by non-compliance with the law on the part of the ascending boat. But when a third boat is concerned, there is a duty towards her which is to be attended to. One man's dereliction of his duty toward me, will not authorize me to abandon my duty towards a third person, and thereby subject him to a loss. The rule, therefore, is well stated by the court below: the defendants should have looked out for danger in time, and guarded against it while it was possible to do so, and if they neglected to do so till it was too late to prevent the collision, they must be deemed to have been guilty of that want of due caution which every one, who navigates the canal, is bound to use to prevent the accidents to which a thronged navigation is liable. Judgment affirmed.